UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. 13-50115-JLV |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER |
| vs. | ) | |
| | ) | |
| MISTY DAWN BRADFORD and | ) | |
| SHIRLEE ANN BRADFORD, | ) | |
| | ) | |
| Defendants. | ) | |

On December 5, 2013, Magistrate Judge Veronica L. Duffy filed an
order granting in part and denying in part the defendants' motions to
compel. (Docket 34). The magistrate judge ruled: "To the extent the
government is now aware of or later becomes aware of any potential Brady[1]
material, the court orders the government to immediately disclose the
same." (Docket 34 at pp. 8-9). The magistrate judge denied defendants'
request that the government be compelled to turn over Giglio[2] material
immediately. "[T]he court denies the defendants' request for Giglio material
at this juncture." Id. at p. 7. The magistrate judge accepted the
government's assurances "that it would 'turn over unredacted [sic] copies of

---

[1] Brady v. Maryland, 373 U.S. 83, 87 (1963). Under Brady, "the
government must disclose any evidence both favorable to an accused and
material either to guilt or to punishment." United States v. Garcia, 562 F.3d
947, 952 n. 6 (8th Cir. 2009).

[2] Giglio v. United States, 405 U.S. 150 (1972). Under Giglio, "the
government must disclose matters that affect the credibility of prosecution
witnesses." Garcia, 562 F.3d at 952 n. 7.

the memorandum of interviews of testifying witnesses, their criminal history, any offers of immunity or consideration, and other impeachment material two weeks prior to trial.' " Id. at p. 3 (citing Docket No. 29 at 4) (emphasis removed).  But the magistrate judge commented:

> A cautionary note is in order.  The government alone at this point is in possession of all the facts shown by its investigation.  Often times the prominence of a witness's testimony at trial and its importance in securing a conviction becomes apparent only after the trial has occurred.   By adopting an overly aggressive protection of the names and impeaching materials of its witnesses, the government risks violating Giglio and a reversal of a conviction.    Therefore,  the  court  would  caution  government counsel to take a liberal, defense-oriented perspective in reviewing which witnesses may be considered key to the government's case and when providing names and full impeachment information as to those witnesses.

Id. at p. 8.  The magistrate judge denied defendants' Giglio request without prejudice.  "If defendants can make a showing that there is a key witness or witnesses who are crucial to the government's case, defendants may renew their request pursuant to Giglio."  Id. at p. 8.

Defendant Shirlee Bradford timely appealed the order.  (Docket 37). Defendant Misty Dawn Bradford moved to join in the appeal.  (Docket 38). Defendant Misty Dawn Bradford's motion to join in the appeal is granted. All further references will be to defendants jointly.

Defendants object to the magistrate judge's order "insofar as that Order denies the defendant[s'] motion for immediate disclosure of all written proffer and cooperation agreements between the government and witnesses

who will testify for the government in this case–i.e., <u>Giglio</u> material."
(Docket 37 at p. 1).  Defendants argue the magistrate judge "fails to
appropriately consider and enforce" the court's scheduling and case
management order.  (Docket 37 at p. 2).  <u>See</u> Docket 18 at p.2 ¶ 6 ("The
government shall timely furnish all materials required by <u>Brady v.</u>
<u>Maryland</u>, 373 U.S. 83 (1963) and <u>Giglio v. United States</u>, 405 U.S. 150
(1972).").  Under <u>Brady</u>, the government must disclose its list of anticipated
witnesses prior to trial.  <u>Brady</u>, 373 U.S. at 87-88.  The court customarily
completes this disclosure process through its order setting the trial date and
related matters.

   Defendants argue "[d]isclosure is timely if disclosure occurs early
enough before the trial for the defendant to put it to use in the preparation
of an effective defense.  If evidence concerning cooperating criminal
witnesses is not disclosed until two weeks before the trial, it is not timely
because the defendant cannot investigate those witnesses and do all that
needs to be done in two weeks."  (Docket 37 at p. 2).  The defendants
describe the disclosure standard as "whether fundamental fairness entitles
a defendant to disclosure of favorable evidence so she can use it to prepare
[their] defense."  <u>Id.</u> at p. 3.  "It is impossible for the defendant to meet the
burden incorrectly imposed by the Magistrate–to prove that a particular
witness is a key witness or a crucial witness–because until the defendant

3

knows who the witnesses are, it is impossible to characterize one unknown and unidentified witness as opposed to another unknown or unidentified witness as key or crucial." Id. "[T]he only question should be whether the evidence can help the defendant impeach the testimony of a government witness. If the answer is yes, it should be disclosed, forthwith, not two weeks before trial." Id.

While the court appreciates defendants' arguments, they cite to no case authority which supports their position. The United States Court of Appeals for the Eighth Circuit permitted disclosures both the day before trial and during trial. See United States v. Heppner, 519 F.3d 744, 750 (8th Cir. 2008) ("The government disclosed the FBI investigation report the day before trial so appellants had the information in time to use it at trial."); United States v. Jeanpierre, 636 F.3d 416, 422 (8th Cir. 2011) ("We have previously held that 'Brady does not require pretrial disclosure, and due process is satisfied if the information is furnished before it is too late for the defendant to use it at trial.' ") (citing United States v. Almendares, 397 F.3d 653, 664 (8th Cir. 2005). "These rules are designed to protect a defendant's fundamental right to fairness under the Due Process Clause of the Fifth Amendment, for when the fate of the accused turns on the credibility of a witness, the prosecutor's failure to disclose a potential motive for bias or

4

untruthfulness may result in grave injustice." United States v. Rushing, 388 F.3d 1153, 1158 (8th Cir. 2004).

So long as the government discloses Giglio materials two weeks before trial, the government is in compliance with the rules of discovery. The court declines to set an earlier disclosure deadline for Giglio material production. See United States v. Weaver, 13-CR-120 (SJF) (AKT), 2014 WL 259486 at *5 (E.D.N.Y. Jan. 10, 2014) ("the Court is satisfied that the government will produce these materials 'in time for its effective use at trial.' ") (citing United States v. Coppa, 267 F.3d 132, 135 (2d Cir. 2001)) (also referencing United States v. Guerra, No. 10-CR-147 (SLT), 2012 WL 1899861 at *8 (E.D.N.Y. May 24, 2012) ("denying defendant's request for production of Giglio materials 30 days before trial because the 'government's assurances in its opposition papers satisfy the Court that the government has a firm grasp on its obligations under Brady and Giglio[.]' "); United States v. Messina, No. 11–CR–31 (KAM), 2012 WL 463973, at *12 (E.D.N.Y. Feb.13, 2012) ("denying defendant's request for production of Giglio material 30 days before trial because the 'government has represented to the court that it is aware of and will comply with its . . . Giglio obligations' "); United States v. Saliba, No. 08-CR-792, 2010 WL 680986, at *4 (E.D.N.Y. Feb.24, 2010) ("Given that the trial is over a month away, the court declines to order Giglio disclosure at this juncture."). Defendants' appeal must be denied.

Accordingly, it is hereby

ORDERED that defendant Misty Dawn Bradford's motion to join in defendant Shirlee Bradford's objections (Docket 38) is granted.

IT IS FURTHER ORDERED that defendants' objections (Docket 37) to the magistrate judge's order (Docket 34) are denied.

Dated March 25, 2014.

BY THE COURT:

/s/ Jeffrey L. Viken
JEFFREY L. VIKEN
CHIEF JUDGE

6